## GRANT & KENNER v. FOWZES BROS.

### (No. 1944.)

APPEAL from Webb County. Opinion by WILLSON, J.

SHOWALTER & NICHOLSON and R. G. STREET, counsel for appellants.

E. F. HALL, counsel for appellees.

§ 105. *Appeal bond in justice's court; time within which it must be filed; motion for new trial must be acted on within ten days from rendition of judgment.* On November 25, 1884, appellees recovered judgment against appellants in justice's court. Two days thereafter, appellants filed their motion for a new trial, which motion was not acted upon until December 10, 1884, when it was overruled. On December 13, 1884, appellants filed with the justice their appeal bond. In the county court, on motion of appellees, the appeal was dismissed upon the ground that the appeal bond had not been filed in due time. *Held* error. If an appeal bond in justice's court be filed within ten day after an order overruling a motion for new trial, it is filed within the time required by law. [2 W. Con. Rep. §§ 49, 110.] This rule is applicable to art. 1639, R. S., as amended. [Gen. Laws 18th Leg. p. 91.] In this case the motion for new trial was not acted upon until more than ten days after the rendition of judgment had elapsed. An order *granting* a new trial *must* be made, if made at all, within ten days after the rendition of judgment. [R. S. arts. 1621, 1622; W. & W. Con. Rep. § 1310.] There is no time fixed by the statute within which such motion shall be disposed of by *overruling* the same, but we are of the opinion that any rul-

ing upon or disposition of a motion for a new trial must, to be valid, be made within ten days after the rendition of the judgment. It would be unreasonable to conclude that it was intended to limit the time within which such motion should be *granted*, without also limiting the *refusal* of it to the same time. We think the clear intent of the statute is, that after the expiration of ten days from the date of the judgment, no further action in the case can be had in the justice's court. If a motion for a new trial has been filed within five days after the rendition of judgment, but no action has been had thereon within ten days after the rendition of judgment, such motion would be considered as overruled on the tenth day after the date of the judgment, and a party would in such case have ten days thereafter within which to file his appeal bond. In this case, the order overruling the motion for a new trial, having been made after the lapse of ten days from the date of the judgment, was a nullity, and appellant had ten days from December 5, 1884, the last day upon which the motion could legally have been disposed of, to file his appeal bond, and, having filed the same within said ten days, it was filed in due time, and the appeal should not have been dismissed.

February 10, 1886.          Reversed and remanded.